IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ROBERT L. THOMPSON, JR., )
        Plaintiff, )
)
v. ) Case No. 3:13-cv-0526
)
ROBERT SPURGEON and ) Judge Sharp
GAYLA GIBBS, )
)
        Defendants. )

## MEMORANDUM OPINION

Plaintiff Robert L. Thompson, Jr. is state detainee presently held at the Dickson County Jail in Charlotte, Tennessee. The plaintiff's *pro se* complaint (ECF No. 1) is before the Court for an initial review pursuant to 28 U.S.C. § 1915(e)(2).

**I.    STANDARD OF REVIEW**

Under 28 U.S.C. § 1915(e)(2), the court must dismiss a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under th[at] statute[] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). In addition, however, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**II.    FACTUAL ALLEGATIONS**

The plaintiff alleges that on September 20, 2012, he arrived at the Mid-Cumberland Human Resource Agency to attend a "Moral Recognition Therapy" class led by defendant Gayla Gibbs at 4:00

p.m., and afterwards to meet with his Community Corrections Officer, defendant Robert Spurgeon, at 5:00. Halfway through the class, the plaintiff began having stomach pains and realized he urgently needed to have a bowel movement. He asked permission to use the restroom, but Ms. Gibbs told him she could not allow him to leave class to use the restroom unless Mr. Spurgeon gave his permission, because Mr. Spurgeon would probably require the plaintiff to take a drug test. The plaintiff agreed, and this plan was being put into action. However, when the plaintiff explained to Mr. Spurgeon that he needed to defecate and not merely urinate, Mr. Spurgeon refused to allow him to use the facility's restroom for that purpose and instead told him to go back to his class.

The plaintiff went back to his class and tried to contain himself, but the need to relieve himself became more urgent. After about ten minutes of physical suffering, he again asked to use the restroom. Ms. Gibbs again deferred to Mr. Spurlock, who told the plaintiff he would have to go the Exxon station, which was 100 yards down the hill from the Human Resource Agency. The plaintiff headed that direction on foot but was unable to make it that far, and instead was forced to relieved himself outdoors behind a building next to the Human Resource Agency. The plaintiff returned to his class, "soaked with [his own] urine." (ECF No. 1, at 6.) He was required to sit through the remainder of the class in that condition. He was supposed to meet with Mr. Spurgeon at 5:00, but was forced to wait until nearly 5:30 to see Mr. Spurgeon.

The plaintiff brings suit under 42 U.S.C. § 1983, asserting that the defendants' actions constituted cruel and unusual punishment in violation of his rights under the Eighth and Fourteenth Amendments to the United States Constitution. (ECF No. 1, at 7, 9.) The plaintiff states that Gibbs and Spurgeon are both employed by the Mid-Cumberland Human Resource Agency. He sues both defendants in their individual capacity only, and he seeks compensatory damages for "undue pain and affliction," as well as equitable relief. (*Id.* at 5.)

### III. DISCUSSION

To state a claim under § 1983, a plaintiff must (1) identify a right secured by federal law or the United States Constitution, and (2) demonstrate a deprivation of that right by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *West v. Atkins*, 487 U.S. 42, 48 (1988); *Russo v. City of Cincinnati*, 953 F.2d 1036,

1042 (6th Cir. 1992). Both parts of this test must be satisfied to support a claim under § 1983. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

The plaintiff indicates that he was at the Human Resources Agency, attending the "Moral Recognition Therapy" class and meeting with Mr. Thompson, in compliance with the terms of his probation. The Court finds that these factual allegations give rise to a reasonable inference that both Mr. Thompson and Ms. Gibbs qualify as persons acting under color of state law who may be subject to liability under 42 U.S.C. § 1983.

The operative question then is whether their actions violated the plaintiff's constitutional rights. The Court finds that the allegations, if true, are sufficient to state a claim for a violation of the plaintiff's rights under the Fourteenth Amendment.

Many cases have held, in the context of prisoners' claims, that a short delay in being permitted to use the restroom does not violate a prisoner's rights under the Eighth Amendment, but such findings are typically based on a conclusion that the allegations do not suggest deliberate indifference on the part of prison officials, or that legitimate security concerns justified whatever delay was involved. *See. e.g.*, *Imburgia v. Cruz*, 2012 WL 1035731 (N.D. Ohio March 27, 2012) (dismissing Eighth Amendment claim based on denial of the use of the restroom because the plaintiff did not adequately allege that the defendants were aware of the urgent nature of the plaintiff's need to use the restroom or that they were deliberately indifferent to the plaintiff's needs). Other courts, however, have recognized a constitutional violation in various contexts when an official refused to allow a plaintiff to use the restroom. For instance, in *Glaspy v. Malicoat*, 134 F. Supp. 2d 890 (W.D. Mich. 2001), the court held that a corrections officer violated a prison visitor's substantive due process rights by refusing to permit him to use the restroom after an inmate and the visitor informed the officer that the visitor's need to use the restroom was urgent. In that case, the court concluded "that the ability/opportunity to urinate, being a matter of bodily integrity, is a fundamental right subject to due process protection." *Id.* at 895. The court also found that the defendant's actions involved "the exercise of power without any reasonable justification in the service of a legitimate governmental objective." *Id.* (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998)). Based on *Lewis*, the court found that the defendant's behavior was conscience-shocking because it involved deliberate indifference to a citizen's constitutional rights. *Id.* at 896.

This Court finds *Glaspy* to be instructive under the circumstances presented here, and likewise finds that the plaintiff's allegations, if proven to be true, could be sufficient to establish that both defendants acted with deliberate indifference to the plaintiff's fundamental right to use the restroom. *Cf. West v. Dallas Police Dep't*, No. Civ. A. 3–95CV–1347P, 1997 WL 452727, at *5 (N.D. Tex. July 31, 1997) (finding a Fourteenth Amendment right "to urinate or defecate in reasonable privacy," stating: "Indeed, there are few activities that appear to be more at the heart of the liberty guaranteed by the Due Process Clause of the Fourteenth Amendment than the right to eliminate harmful wastes from one's body away from the observation of others.").

**IV.    CONCLUSION**

For the reasons set forth herein, the Court finds that the plaintiff states a colorable claim under 42 U.S.C. § 1983 for purposes of the initial review required by 28 U.S.C. § 1915. An appropriate order is filed herewith.

Kevin H. Sharp
United States District Judge