IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ROBERT L. THOMPSON, JR.            )
                                   )
    v.                             )    NO. 3:13-0526
                                   )
ROBERT SPURGEON, et al.            )

TO:    Honorable Kevin H. Sharp, District Judge

# REPORT AND RECOMMENDATION

By Order entered June 7, 2013 (Docket Entry No. 4), this action was referred to the Magistrate Judge to enter a scheduling order for management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

Presently pending is the Defendants' Motion for Summary Judgment (Docket Entry No. 24) to which the plaintiff has not filed a response.[1] For the reasons set out below, the Court recommends that the motion be granted and this action be dismissed.

---

[1] By Order entered November 26, 2013 (Docket Entry No. 32), the Court notified the plaintiff of the motion and set January 10, 2014, as the response deadline. By Order entered January 17, 2014 (Docket Entry No. 36), the Court extended the response deadline to February 3, 2014.

# I. BACKGROUND

The plaintiff is former inmate of the Dickson County, Tennessee Jail who is no longer incarcerated at the Jail.[2] In 2011, the plaintiff was arrested on a drug charge and sentenced to eight years on house arrest on community corrections. In the fall of 2012, he was serving his sentence and his case officer was Robert Spurgeon ("Spurgeon") with the Mid-Cumberland Human Resources Agency ("MCHRA").

On the afternoon of September 20, 2012, the plaintiff arrived at the MCHRA building to meet with Spurgeon for a supervision visit and to attend a class led by Gayla Gibbs ("Gibbs"), the MCHRA community corrections program manager. Because the plaintiff was late for his supervision visit, he attended the class beginning at 4:00 p.m. before meeting with Spurgeon. On two occasions during the class, he felt the need to have a bowel movement and to urinate. On the first occasion, he was escorted by Gibbs to Spurgeon's office and then was sent back to the class by Spurgeon without having used the restroom because, according to the plaintiff, Spurgeon refused to allow him to use the restroom located in the building. On the second occasion, he was again escorted by Gibbs to Spurgeon's office and was told by Spurgeon to leave the building and use the public restroom located in a nearby gas station. The plaintiff alleges that he was unable to make it to the gas station and instead relieved himself outside the building in an area around a nearby post office. He asserts that he urinated on himself in the process and had to return to finish the class, wait to be seen by Spurgeon, meet with Spurgeon, and then attend a G.E.D. class while he was "soaked in urine." See Complaint (Docket Entry No. 1), at 6-7.

---

[2] Although the plaintiff filed the complaint while an inmate at the Dickson County Jail, he filed a change of address notice on October 30, 2013, stating that he had been released from the jail. See Docket Entry No. 23.

On May 30, 2013, the plaintiff filed the instant action pro se and in forma pauperis based on these events seeking damages and injunctive relief under 42 U.S.C. § 1983 for alleged violations of his Eighth and Fourteenth Amendment rights to be free from cruel and unusual punishment. Named as defendants in their individual capacities are Spurgeon and Gibbs. The Defendants filed an answer (Docket Entry No. 12) and amended answer (Docket Entry No. 16), and the Court entered a scheduling order (Docket Entry No. 13) allowing for a period of pretrial activity in the action.

In their motion for summary judgment, the Defendants assert that there are no genuine issues of material fact and that they are entitled to summary judgment in their favor as a matter of law. In addition to arguing that the undisputed evidence shows that no constitutional violation occurred, they raise multiple defenses to the action. They contend that they are entitled to absolute, quasi-judicial immunity, as well as qualified immunity, and that the plaintiff cannot recover monetary damages for emotional injuries because he suffered no physical injury. Alternatively, the Defendants assert that the complaint must be dismissed because the plaintiff was a convicted prisoner and failed to exhaust administrative remedies before he filed the complaint as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). In support of their motion, the Defendants submit a Statement of Undisputed Facts (Docket Entry No. 25), and rely on excerpts from the plaintiff's deposition (Docket Entry No. 24-1) and the affidavits and attachments thereto of Spurgeon (Docket Entry No. 28), April Clark (Docket Entry No. 29), and Gibbs (Docket Entry No. 30).

## II. STANDARD OF REVIEW

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. See also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." Sowards v. Loudon Cnty., 203 F.3d 426, 431 (6th Cir.), cert. denied, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Gribcheck v. Runyon, 245 F.3d 547, 550 (6th Cir.), cert. denied, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 249-50. However, "[t]he moving party need not support its motion with evidence disproving the non-moving party's claim, but need only show that 'there is an absence of evidence to support the non-moving party's case.'" Hayes v. Equitable Energy Res. Co., 266 F.3d 560, 566 (6th Cir. 2001) (quoting Celotex Corp., 477 U.S. at 325).

"Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." Goins v. Clorox Co., 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on

the pleadings but must present evidence supporting the claims asserted by the party. Banks v. Wolfe Cnty. Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment. See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. Bell v. Ohio State Univ., 351 F.3d 240, 247 (6th Cir. 2003) (quoting Anderson, 477 U.S. at 252).

### III. CONCLUSIONS

Although the plaintiff's allegations were sufficient to state a claim for relief permitting the case to survive frivolity review under 28 U.S.C. § 1915(d), at this stage of the proceedings and when challenged upon a motion for summary judgment, there is insufficient evidence before the Court upon which a reasonable jury could find in favor of the plaintiff on this claim. Summary judgment should be granted to the Defendants.

Assuming that a person who is under the control of the State has some measure of protection afforded by the Eighth and Fourteenth Amendments to use a restroom or to be free from physical pain associated with the denial of use a of a restroom, there is nonetheless a certain level of severity required to implicate constitutional protections. A defendant's negligence cannot support a claim under Section 1983. See Woods v. Lecureux, 110 F.3d 1215, 1222 (6th Cir. 1997). Further, de minimis events or experiences that are merely unpleasant, see Ivey v. Wilson, 832 F.2d 950, 954 (6th

5

Cir. 1987), or temporary in nature, see Dellis v. Corrections Corp. of Am., 257 F.3d 508, 511 (6th Cir. 2001), rarely rise to the level implicating constitutional concern.

Under the Eighth Amendment, the challenged conduct must amount to a sufficiently serious or grave deprivation under contemporary standards of decency. See Hudson v. McMillian, 503 U.S. 1, 8, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992); Rhodes v. Chapman, 452 U.S. 337, 346-7, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981); Hadix v. Johnson, 367 F.3d 513, 525 (6th Cir. 2004). Under the substantive due process protection afforded by the Fourteenth Amendment, the challenged conduct must be an arbitrary abuse of government power that can be said to "shock the conscience." County of Sacramento v. Lewis, 523 U.S. 833, 843–44, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998); Burgess v. Fischer, 735 F.3d 462, 474 (6th Cir. 2013).[3] Additionally, the defendant must have acted with a sufficiently culpable state of mind as shown by evidence of maliciousness or deliberate indifference. See Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); Shreve v. Franklin Cnty., Ohio, 743 F.3d 126, 134 (6th Cir. 2014); Brown v. Bargery, 207 F.3d 863, 867 (6th Cir. 2000).

The Defendants have filed affidavits that extensively detail the events in question and explain why the plaintiff was not permitted to use the restroom in the MCHRA facility and was directed to use a public restroom in a nearby gas station. This affidavit evidence also negates any inference that the Defendants acted with a malicious or even deliberately indifferent intent. In the face of this

---

[3] Because the plaintiff was a convicted prisoner at the time of the events in question, albeit a prisoner who was on community corrections, it is questionable whether the protections of the Fourteenth Amendment apply to the instant case. The Sixth Circuit has expressly held the Eighth Amendment, not the Fourteenth Amendment's substantive due process protections, are the basis for the protections afforded to convicted prisoners asserting claims of excessive force or unconstitutional conditions of confinement. See Walker v. Norris, 917 F.2d 1449, 1455 (6th Cir. 1990).

affirmative evidence, the plaintiff cannot merely rest on allegations contained in the complaint, but must respond with affirmative evidence supporting his claim and establishing the existence of a genuine issue of material fact. See Celotex Corp., 477 U.S. at 323-24; Chao v. Hall Holding Co., Inc., 285 F.3d 415, 424 (6th Cir. 2002); Cloverdale Equip. Co. v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir. 1989). He has not satisfied this burden.[4] What happened to the plaintiff was unfortunate and regrettable and may not have occurred had the actors involved, including both the plaintiff and the Defendants, taken different actions, but there is simply no evidence before the Court supporting a claim that the Plaintiff's constitutional rights were violated. See Hartsfield v. Vidor, 199 F.3d 305, 309 (6th Cir. 1999). Given the undisputed evidence that is before the Court, no reasonable jury could find in favor of the plaintiff.

Because the Court finds insufficient evidence to support a constitutional claim, it is unnecessary to address the Defendants' alternative arguments for summary judgment.

## RECOMMENDATION

The Court respectfully RECOMMENDS that the Motion For Summary Judgment (Docket Entry No. 24) be GRANTED and that this action be DISMISSED WITH PREJUDICE.

The Court further RECOMMENDS that any appeal NOT be certified under 28 U.S.C. § 1915(a)(3) as taken in good faith.

---

[4]Although the plaintiff is proceeding pro se, his pro se status does not relieve him of the obligation under Rule 56 to set forth admissible evidence showing that genuine issues of material fact exist which require that the action proceed to trial. This is the threshold requirement for all non-moving parties when summary judgment is sought by an opposing party. Sixty Ivy St. Corp. v. Alexander, 822 F.2d 1432, 1435 (6th Cir. 1987).

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

                                                Respectfully submitted,

                                                JULIET GRIFFIN
                                                United States Magistrate Judge